UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HAROLD FOLEY, III, VERLYN FOLEY, VOB DEVELOPMENT, LLC, VOB PROPERTY INVESTMENTS, XXV, LLC, VOB PROPERTY INVESTMENTS XXVI, LLC, AND VOB PROPERTY INVESTMENTS XXIX, LLC** | * * * * * * * * | **CIVIL ACTION NO.  2:13-cv-00017**<br><br>**SECTION:**<br>**JUDGE**<br><br>**MAGISTRATE:** |
| **Plaintiffs** | * | **MAG. JUDGE** |
| **VERSUS** | * | |
| | * | |
| **SAFG RETIREMENT SERVICES, INC. f/k/a AIG RETIREMENT SERVICES, INC., SUNAMERICA AFFORDABLE HOUSING, INC., SUNAMERICA AFFORDABLE HOUSING, LLC, SUNAMERICA HOUSING FUND 1517, SUNAMERICA HOUSING FUND 1534, SUNAMERICA HOUSING FUND 1537, AND DAN RIGNEY** | * * * * * * * * * | |
| **Defendants** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF REMOVAL

Defendants SAFG Retirement Services, Inc.; SunAmerica Affordable Housing Partners, Inc., incorrectly named by Plaintiffs as SunAmerica Affordable Housing, Inc.; SA Affordable Housing, LLC, incorrectly named by Plaintiffs as Sun America Affordable Housing, LLC; SunAmerica Housing Fund 1169; SunAmerica Housing Fund 1218; SunAmerica Housing Fund 1311; SunAmerica Housing Fund 1321; SunAmerica Housing Fund 1322; SunAmerica Housing Fund 1326; SunAmerica Housing Fund 1383; SunAmerica Housing Fund 1514; SunAmerica Housing Fund 1517; SunAmerica Housing Fund 1519; SunAmerica Housing Fund 1534; and SunAmerica Housing Fund 1537 (collectively "SunAmerica"), through undersigned counsel,

reserving all defenses, exceptions, affirmative defenses, and objections, remove to this Court the civil action bearing the caption *Harold Foley, III, Verlyn Foley, VOB Development, LLC, VOB Property Investments XXV, LLC, VOB Property Investments XXVI, LLC, and VOB Property Investments XXIX, LLC versus SAFG Retirement Services, Inc. f/k/a AIG Retirement Services, Inc., SunAmerica Affordable Housing, Inc., Sun America Affordable Housing, LLC, SunAmerica Housing Fund 1517, SunAmerica Housing Fund 1534, and SunAmerica Housing Fund 1537*, Case Number 10-7989, pending in Division F-7 of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Court Action"), and avers as follows:

### *Removal Jurisdiction*

1.

This is a civil action of which this Court has original jurisdiction premised upon 28 U.S.C. § 1331.  This civil action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because claims asserted against SunAmerica by Roile Jefferson and Peter Britton, parties who have asked to be and should be characterized as plaintiffs, in their Answer to Reconventional Demand with Exceptions, Affirmative Defenses and Cross-claim (the "Pleading", a true and correct copy of which is attached hereto as Exhibit A) arise under the Constitution, laws, or treaties of the United States.

### *Procedural History*

2.

The State Court Action was initiated by Plaintiffs Harold Foley, III, Verlyn Foley, VOB Development, LLC, VOB Property Investments XXV, LLC, VOB Property Investments XXVI, LLC, and VOB Property Investments XXIX, LLC, who filed their Petition on or about August 3, 2010.

3.

SunAmerica, with the consent of all other Defendants, removed the case to federal court on the basis of diversity jurisdiction on August 25, 2010.

4.

This case involves the relationships and obligations between the parties in connection with twelve projects in Louisiana, Mississippi, and Tennessee, qualified to participate in the Low Income Housing Tax Credit program, governed by 26 U.S.C. § 42 (the "Projects").

5.

On September 18, 2012, Plaintiffs filed a First Amended Complaint, naming the following entities as additional Plaintiffs: VOB Property Investments (VI), Ltd., VOB Property Investments XX, LLC, VOB Property Investments II, Ltd., VOB Porperty Investments III, Ltd., VOB Property Investments XII, LLC, VOB Property Investments XI, LLC, VOB Property Investments XXXI, LLC, Patterson Partners, LP, ONeal Partners, LP, VOB Property Investments XXI, LLC, Superior Homes, LP, and West Park Partners, LP.  Plaintiffs also brought additional Defendants into the lawsuit through the First Amended Complaint.

6.

In the Petition and First Amended Complaint, Plaintiffs allege that SunAmerica engaged in a plan to take control of the Projects and to deprive Plaintiffs of their financial interests therein by forcing Plaintiffs to hire an unqualified general contractor, failing to disclose an allegedly improper relationship between that general contractor and a SunAmerica employee, and seizing control of and mismanaging construction of certain Projects.  Plaintiffs accuse SunAmerica of treating them unfairly and of exploiting defaults under the partnership and loan agreements that govern the transactions at issue.  Specifically, Plaintiffs allege the following causes of action:

breach of fiduciary duty, breach of contract, fraudulent and negligent misrepresentation, tortious interference with business relations, unfair trade practices, negligence, breach of partnership laws, conspiracy, and unjust enrichment.  Plaintiffs seek damages against SunAmerica and also seek to be reinstated as general partners in the partnerships that own the Projects.

7.

On October 22, 2010, in response to the Petition and the First Amended Complaint, SunAmerica filed its Answer, Affirmative Defenses, and Counterclaims.  SunAmerica asserted claims therein against Plaintiffs, and also against Jefferson, as the sole and managing member of VOB Property Investments XXVI, LLC and the general partner of Superior Homes, LP, and against Britton, as the sole and managing member of VOB Property Investments XXXI, LLC.

8.

On May 14, 2012, while the case was pending in federal court, Jefferson filed a Motion to Substitute Party, seeking to assert his status as the managing member of VOB Property Investments XXVI, LLC and to be recognized as the "sole member of the class that can assert any action on behalf of VOB Property Investments XXVI, LLC." (Rec. Doc. No. 405.)

9.

On May 21, 2012, the federal court remanded the case to the Civil District Court for the Parish of Orleans for lack of subject matter jurisdiction because on January 3, 2012, Plaintiffs filed a third party complaint that included claims against non-diverse entities.

10.

While on remand, Plaintiffs filed a Second Amended Petition.  SunAmerica reconvened, again asserting claims against Plaintiffs, Jefferson, and Britton because of Jefferson's and

1037226.1

4

Britton's status as managing member of VOB Property Investments XXVI, LLC and VOB Property Investments XXXI, LLC, respectively.

11.

Jefferson and Britton, on or about December 7, 2012, filed the Pleading, in which they assert that SunAmerica violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961–1968, and also that SunAmerica is liable to them under 42 U.S.C. § 1982.  *See* Ex. A ¶¶ 76 – 89.

*Federal Question Jurisdiction*

12.

In their Pleading, Jefferson and Britton allege, as did Plaintiffs, that SunAmerica exercised improper control over the construction of certain Projects, "pushed" for the selection of the general contractor on those Projects, and made payments to the selected contractor over the objections of the general partners.  Jefferson and Britton further allege that payments to the general contractor were made to defraud Jefferson, Britton, and Harold and Verlyn Foley.  *See* Ex. A at ¶¶ 70 – 73.

13.

Jefferson and Britton allege that SunAmerica's actions amount to "a pattern of racketeering activity", making SunAmerica liable for RICO violations under 18 U.S.C. §§ 1961–1968.  *See* Ex. A at ¶¶ 76 – 79.  Jefferson and Britton also allege that SunAmerica is liable for violation of Jefferson's and Britton's civil rights under 42 U.S.C. § 1982.  *See* Ex. A at ¶ 87.

14.

Additionally, Jefferson and Britton adopt and incorporate all factual allegations and claims made by Plaintiffs in the Petition and First Amended Complaint as though copied *in extenso*. *See* Ex. A at ¶¶ 70 – 73.

15.

Like Plaintiffs, Jefferson and Britton seek damages and seek to be reinstated as general partners in the applicable partnerships. *See generally* Ex. A.

16.

Because Jefferson's and Britton's interests are aligned with those of Plaintiffs and because Jefferson, Britton, and Plaintiffs share the same ultimate interests in the outcome of the action, Jefferson and Britton should be characterized as plaintiffs in this matter. *See Hess v. Union Standard Ins. Co.*, No. 09-3789, 2009 WL 3486649, at *1 (E.D. La. Oct. 23, 2009) (holding that it is the duty of the court to look beyond the pleadings, and realign the parties according to their actual roles in the dispute) (citing *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984)); *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 963 (5th Cir. 1973) (holding that "in determining the status of the parties[,] . . . it is well established that the court must look beyond the pleadings to matters actually in controversy."); and *Energy Partners of Delaware, Ltd v. Dominion Exploration & Prod.*, No. 05-6641, 2006 WL 1030391, at *4 (E.D. La. April 18, 2006) (noting the Fifth Circuit mandate that a district court notice party alignment and apply proper realignment when it relates to jurisdiction) (citation omitted); *see also Mendoza v. Old Republic Ins. Co.*, No. 11-3040, 2012 WL 2049525, at *11 (E.D. La. May 24, 2007) (finding that the determination of the primary and controlling matter in a dispute "is to be determined by plaintiff's principal purpose for filing its suit.") (quoting *Zurn Indus., Inc. v.*

*Acton Constr. Co.*, 847 F.2d 234, 236 (5th Cir. 1988)); and *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992) (holding that "despite the fact that there may be actual and substantial ancillary or secondary issues to the primary issue, the parties should be aligned in accordance with the primary issue in an action.").

17.

Jefferson's and Britton's RICO and federal civil rights claims arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. As co-plaintiffs, Jefferson's and Britton's federal claims form part of the well-pleaded complaint and thus, provide this Court with original jurisdiction and removal jurisdiction. *See* 28 U.S.C. § 1441(a); and *Jones v. Mortg. Clearing Corp.*, No. 12-1472, 2012 WL 3644806, at *2 (E.D. La. Aug. 21, 2012).

### *Other Statutory Requirement of Removal*

18.

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within thirty days of receipt, by service or otherwise, of the pleading that sets forth the claim for relief upon which removal is predicated. The Pleading, which has not been formally served, was received by SunAmerica on December 7, 2012.

19.

A copy of the notice of removal has been sent to all counsel of record, and will be filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

20.

Defendants Dan Rigney ("Mr. Rigney") and William Encinas, Lambeth Construction of Louisiana, LLC, and Lambeth Construction, LLC (collectively "Lambeth") have consented to removal of the State Court Action to this Court.  Copies of those agreements are attached hereto as Exhibits B and C, respectively.

21.

Attached to this Notice of Removal, as Exhibit D, *in globo*, are copies of all pleadings, including evidence of service thereof; answers; orders; and judgments in the State Court Action through this date, which includes copies of all process, pleadings, and orders served upon SunAmerica in the State Court Action.

**WHEREFORE**, Defendants SAFG Retirement Services, Inc.; SunAmerica Affordable Housing Partners, Inc.; SA Affordable Housing, LLC; SunAmerica Housing Fund 1169; SunAmerica Housing Fund 1218; SunAmerica Housing Fund 1311; SunAmerica Housing Fund 1321; SunAmerica Housing Fund 1322; SunAmerica Housing Fund 1326; SunAmerica Housing Fund 1383; SunAmerica Housing Fund 1514; SunAmerica Housing Fund 1517; SunAmerica Housing Fund 1519; SunAmerica Housing Fund 1534; and SunAmerica Housing Fund 1537 pray that the State Court Action be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted, this 4th day of January, 2013.

                                                                           **MCGLINCHEY STAFFORD, PLLC**

                                                                           */s/ Gerard E. Wimberly, Jr.*
                                                                           **GERARD E. WIMBERLY, JR., T.A. (#13584)**
                                                                           **DANIEL T. PLUNKETT (#21822)**
                                                                           **ANGELINA CHRISTINA (#28530)**

601 Poydras Street, 12th Floor
New Orleans, LA 70130-3477
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
Email: gwimberly@mcglinchey.com
dplunkett@mcglinchey.com
achristina@mcglinchey.com

**RODOLFO J. AGUILAR, JR. (# 1192)**
**CHRISTINE LIPSEY (#01182)**
301 Main Street
One American Place 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
Email:  rudyaguilar@mcglinchey.com
clipsey@mcglinchey.com

*Attorneys for Defendants*,
*SAFG Retirement Services, Inc., SunAmerica Affordable Housing Partners, Inc., SA Affordable Housing, LLC, SunAmerica Housing Fund 1169, SunAmerica Housing Fund 1218, SunAmerica Housing Fund 1311, SunAmerica Housing Fund 1321, SunAmerica Housing Fund 1322, SunAmerica Housing Fund 1326, SunAmerica Housing Fund 1383, SunAmerica Housing Fund 1514, SunAmerica Housing Fund 1517, SunAmerica Housing Fund 1519, SunAmerica Housing Fund 1534, and SunAmerica Housing Fund 1537*

## CERTIFICATE OF SERVICE

    I hereby certify that, on January 4, 2013, a copy of the above and foregoing has been forwarded by either telecopy transmission, email, hand delivery, or placing same in the U.S. Mail, postage prepaid to all counsel of record.

*/s/ Gerard E. Wimberly, Jr.*
GERARD E. WIMBERLY, JR.